[Cite as *State v. Boles*, 2017-Ohio-786.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-07-014 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/6/2017 |
| - vs - | | |
| | : | |
| PATRICK D. BOLES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2011-2149

Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Lawrence J. Greger, Liberty Tower, 120 West Second Street, Suite 1100, Dayton, Ohio 45402, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Patrick Boles, appeals a decision of the Brown County Court of Common Pleas denying his motion for reconsideration and/or successive petition for postconviction relief.

{¶ 2} Appellant was indicted in 2011 on eight counts of rape. The charges stemmed from eight separate instances of sexual conduct between appellant and the minor victim, four

of which occurred in 1991 and the remaining four which occurred in 1992. In 2012, a jury found appellant guilty of four counts of rape for the sexual conduct occurring in 1991, but acquitted him of the four counts of rape for the sexual conduct occurring in 1992. Appellant was sentenced to a total prison term of 15 to 45 years.

{¶ 3} Appellant appealed his convictions, arguing that the trial court erred in allowing three state witnesses to testify and that his convictions were against the manifest weight of the evidence. We affirmed appellant's convictions. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202. Subsequently, the Ohio Supreme Court declined jurisdiction. *State v. Boles*, 138 Ohio St.3d 1468, 2014-Ohio-1674.

{¶ 4} On November 25, 2014, through new counsel, appellant filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio, alleging 11 grounds for relief, including claims of ineffective assistance of both trial and appellate counsel. The District Court stayed the habeas corpus proceedings pending appellant's exhaustion of his state postconviction remedies regarding his ineffective-assistance-of-trial-counsel claims. *Boles v. Warden*, S.D.Ohio No. 1:14-CV-903, 2016 WL 126924 (Jan. 12, 2016).

{¶ 5} On December 18, 2014, appellant filed an App.R. 26(B) application to reopen his appeal, arguing his original appellate counsel was ineffective for failing to present assignments of error on direct appeal challenging the ineffectiveness of trial counsel in several areas. Specifically, appellant claimed in his application that trial counsel was ineffective for failing to challenge the statute of limitations and ex post facto application of the law, for failing to conduct a reasonable investigation and prepare a crucial witness for trial, and for failing to object to the use of a witness as an expert witness and to a jury instruction regarding the expert witness.

{¶ 6} We denied the application on the ground it was untimely filed and that

appellant's lack of communication with his former appellate counsel did not amount to good cause for purposes of App.R. 26(B). *State v. Boles*, 12th Dist. Brown No. CA2012-06-012 (Mar. 11, 2015) (Entry Denying Application for Reopening). Once again, the Ohio Supreme Court declined jurisdiction. *State v. Boles*, 143 Ohio St.3d 140, 2015-Ohio-2747.

{¶ 7} On May 26, 2015, appellant filed a petition for postconviction relief ("PCR") pursuant to R.C. 2953.21, alleging trial counsel was ineffective for failing to conduct a reasonable investigation and prepare a crucial witness for trial. Appellant further alleged his original appellate counsel was ineffective for failing to inform appellant of his right to file a PCR petition and the timetable for filing such a petition. The trial court dismissed the petition, finding it was an untimely PCR petition that did not meet the requirements of R.C. 2953.23. Appellant did not appeal the denial of his PCR petition.

{¶ 8} On May 5, 2016, appellant filed a motion for reconsideration and/or, in the alternative, a successive petition for postconviction relief.[1] Appellant argued that the failure of his original appellate counsel to file a PCR petition should not be held against him and does not preclude him from filing a successive PCR petition because appellate counsel was either absent or ineffective in postconviction proceedings. In support of his assertion, appellant cited two decisions from the United States Supreme Court, *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, __ U.S. __, 133 S.Ct. 1911 (2013). In his second PCR petition, appellant reiterated his argument that trial counsel was ineffective for failing to conduct a reasonable investigation and prepare a crucial witness for trial.

{¶ 9} On June 28, 2016, the trial court denied appellant's motion for reconsideration and/or PCR petition. Treating the motion as a successive PCR petition, the trial court found

---

1. After appellant retained new counsel to file a petition for a writ of habeas corpus, that same attorney filed appellant's App.R. 26(B) application to reopen the appeal, appellant's first PRC petition, appellant's motion for reconsideration and/or successive PCR petition, and the current appeal.

it did not meet the requirements of R.C. 2953.23. Specifically, the trial court found that appellant's ineffective-assistance-of-trial-counsel claim was barred by res judicata as appellant had previously challenged the effectiveness of his counsel and had all the facts available to him at the time of his trial and direct appeal:

> Petitioner has shown nothing that was not available at the time of his trial and direct appeal. He has not demonstrated any new federal or state right that applies retroactively to him. More importantly, there is no clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. He has not met the requirements for post-conviction relief.

The trial court further declined to apply *Martinez* and *Trevino*, finding that claims of ineffective assistance of appellate counsel are governed by App.R. 26(B) and were previously denied by this court. The trial court further found that "Ohio does in fact have proper procedures in place to deal with the claims [of ineffective assistance of counsel] raised by current counsel. [Appellant's] current motion raises nothing new."

{¶ 10} Appellant now appeals, raising one assignment of error:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT RECONSIDERATION AND/OR THE RIGHT TO FILE A SUCCESSIVE POST-CONVICTION PETITION ABSENT THE HEIGHTENED STANDARDS FOR UNTIMELY FILING WHERE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A TIMELY PETITION FOR POST CONVICTION, WHICH FAILURE AMOUNTS TO NO COUNSEL REPRESENTING A PETITIONER FOR POST-CONVICTION.

{¶ 12} Appellant argues the trial court abused its discretion in failing to reconsider its denial of appellant's first PCR petition and in not allowing appellant to file a successive PCR petition.

{¶ 13} We review a trial court's decision denying a PCR petition under an abuse of discretion standard. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-

3216, ¶ 5. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Id.*; *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 91.

{¶ 14} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a PCR petition. *State v. Hibbard*, 12th Dist. Butler No. CA2013-03-051, 2014-Ohio-442, ¶ 21. Distinct from an appeal of a criminal conviction, a PCR petition is a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). It does not represent a second occasion to litigate one's conviction. *McKelton* at ¶ 6.

{¶ 15} R.C. 2953.21 sets forth the general guidelines for postconviction relief and provides that petitions must be filed within 365 days of the date on which the trial transcript is filed in the direct appeal. R.C. 2953.21(A)(2); *Hibbard* at ¶ 21. If a defendant fails to file his petition within the prescribed time period, a trial court may entertain an untimely or successive PCR petition only if the petitioner demonstrates either (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. R.C. 2953.23(A)(1)(a); *McKelton*, 2016-Ohio-3216 at ¶ 7. If the petitioner satisfies one of these threshold requirements, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b); *Hibbard* at ¶ 22.

{¶ 16} Appellant first argues the trial court abused its discretion in failing to reconsider the denial of his first PCR petition. We find we lack jurisdiction over appellant's appeal of the trial court's failure or refusal to reconsider its denial of the first PCR petition. *State v. Bennett*, 5th Dist. Muskingum No. CT2005-0009, 2006-Ohio-2812, ¶ 14.

- 5 -

{¶ 17} R.C. 2953.23(B) provides that an order awarding or denying relief sought in a PCR petition filed pursuant to R.C. 2953.21 is "a final judgment and may be appealed pursuant to [R.C.] Chapter 2953." The trial court's denial of appellant's first PCR petition was a final judgment which appellant should have appealed to this court. *Bennett* at ¶ 14. Appellant chose instead to file a motion to reconsider. However, it is well-settled that a motion for reconsideration of a final judgment is a nullity. *Id.* at ¶ 13; *State v. Jackson*, 9th Dist. Lorain No. 96CA006546, 1997 WL 600666, *1 (Sept. 17, 1997). Thus, appellant's motion to reconsider the trial court's denial of his first PCR petition was a nullity. *Jackson* at *1. Consequently, we lack jurisdiction to entertain an appeal from the trial court's refusal or failure to reconsider the denial of appellant's first PCR petition and we dismiss this portion of appellant's appeal. *Bennett* at ¶ 14; *Jackson* at *1. *See also State v. Leach*, 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370.

{¶ 18} Appellant next argues the trial court abused its discretion in denying his successive PCR petition on res judicata grounds. Appellant asserts counsel could not have raised the ineffective-assistance-of-trial-counsel issue on direct appeal because "the issue depended on evidence de hors the record, and included the failure [of] trial counsel to investigate and prepare a witness[.]"

{¶ 19} As stated above, although a petition for postconviction relief permits a person to bring a collateral challenge to the validity of a conviction or sentence in a criminal case, it does not provide a petitioner a second opportunity to litigate a conviction. *State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 40; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. Accordingly, "a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *Lawson* at ¶ 40.

{¶ 20} Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an

appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *Id.* at ¶ 41; *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record *that was not in existence and available to the petitioner in time to support the direct appeal.*" (Emphasis sic.) *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18. Evidence outside the record, or evidence dehors the record, must demonstrate that appellant could not have appealed the constitutional claim based upon information in the original record and such evidence must not have been in existence and available to the petitioner at the time of trial. *Id.*

{¶ 21} In both his first and successive PCR petitions, appellant asserted trial counsel was ineffective for failing to conduct a reasonable investigation and prepare a crucial witness for trial. In denying appellant's successive PCR petition, the trial court held that appellant's claim was barred by res judicata as it "was raised in his prior appeal" and appellant "had all of the facts available to him at the time of his trial and his direct appeal."

{¶ 22} We find the trial court erred in denying appellant's successive PCR petition on res judicata grounds based upon appellant's failure to raise the issue on direct appeal because the ineffective-assistance-of-trial-counsel claim involved evidence outside the record. Nonetheless, we agree with the trial court that the issue is barred by res judicata as appellant asserted the same issue in his first PCR petition which the trial court denied and which denial appellant did not appeal. *See State v. Lester*, 6th Dist. Lucas No. L-98-1086, 1999 WL 173658 (Mar. 31, 1999); *State v. Britton*, 6th Dist. Lucas No. L-97-1345, 1998 WL 666768 (Sept. 30, 1998).

{¶ 23} Lastly, appellant argues the trial court abused its discretion in denying his

successive PCR petition on the ground it did not meet the requirements of R.C. 2953.23. Appellant asserts that given the United States Supreme Court's opinions in *Martinez* and *Trevino*, and the fact his original appellate counsel was either absent or ineffective in postconviction proceedings because he failed to file a PCR petition, the trial court should not have applied the "heightened standards" of R.C. 2953.23 to his successive PCR petition. *Martinez* and *Trevino* are both federal habeas corpus cases. Both opinions construe what may constitute cause to excuse a procedural default in federal habeas proceedings.[2]

{¶ 24} *Martinez* originated in Arizona where state law only permits ineffective-assistance-of-counsel claims to be brought in state collateral proceedings rather than on direct appeal. Martinez's postconviction counsel filed a direct appeal and initiated a state collateral proceeding, but failed to present a claim of ineffective assistance of trial counsel in the state collateral proceeding. On federal habeas review, Martinez argued he could overcome procedural default because he had cause for the default, to wit, his first postconviction counsel was ineffective for failing to raise any claims in the first notice of postconviction relief. Both the District Court for the District of Arizona and the Ninth Circuit Court of Appeals held that Martinez had not shown cause to excuse the procedural default because, under the United States Supreme Court's opinion in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546 (1991), defendants have no federal constitutional right to the effective assistance of counsel in postconviction proceedings.

{¶ 25} In addressing Martinez's claim, the Supreme Court acknowledged its holding in *Coleman* that under well-settled principles of agency law, "[n]egligence on the part of a

---

2. A prisoner must litigate federal law challenges to his conviction in state court before bringing them to federal court. As the Eighth Appellate District explained, "the failure to assert claims in state court bars a prisoner from later litigating those claims in federal habeas proceedings because the prisoner failed to exhaust available state remedies. This concept is known as 'procedural default.' However, a petitioner may overcome a 'procedural default' by demonstrating 'cause' and 'prejudice.'" *State v. Glover*, 8th Dist. Cuyahoga Nos. 100330 and 100331, 2014-Ohio-3228, ¶ 22.

prisoner's postconviction attorney does not qualify as 'cause.'" *Martinez,* 132 S.Ct. at 1316. The Supreme Court also acknowledged that in cases where the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim and thus, the prisoner's "one and only appeal" as to the claim. *Id.* at 1315-1316. As a result, "when an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim," and since a procedural default would preclude any habeas claim, "no court will review the prisoner's claim." *Id.* at 1314-1316.

{¶ 26} Consequently, the Supreme Court qualified its holding in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." *Martinez* at 1315. The Supreme Court further held that under state law, where claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. In other words, if the postconviction proceeding was the defendant's first opportunity to argue an error in his conviction, then the defendant, whether unrepresented or whose counsel was ineffective in the "initial-review collateral proceeding," is not precluded by the procedural default doctrine from raising the trial error in federal habeas proceedings. *State v. Waddy*, 10th Dist. Franklin No. 15AP-397, 2016-Ohio-4911, ¶ 59.

{¶ 27} *Trevino* likewise involved a petition for habeas corpus and originated in Texas where state law allows a defendant initially to raise ineffective-assistance-of-trial-counsel claims on direct appeal. The United States Supreme Court extended *Martinez* to instances

where state law allows ineffective-assistance-of-counsel claims to be raised on direct appeal but where the "[s]tate's procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal[.]" *Trevino*, 133 S.Ct. at 1912, 1921.

{¶ 28} In support of its holding, the Supreme Court emphasized the fact that Texas courts themselves strongly discourage defendants from using direct appeal to raise ineffective-assistance-of-trial-counsel claims and instead have determined that collateral review is the preferred, and as a practical matter, the only method for raising such claims. *Id.* at 1920. Specifically, quoting an opinion from the Texas Court of Criminal Appeals, the Supreme Court noted that there is no meaningful opportunity to present ineffective-assistance-of-trial-counsel claims on direct appeal in Texas as the "trial court record will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* at 1918, quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (1997).

{¶ 29} Although appellant's claim of ineffective assistance of trial counsel involves evidence outside the record, the *Martinez/Trevino* rule does not hold that a state court must disregard a procedural default and provide a merit review of a petitioner's PCR claim, and thus the rule does not apply here. As the Tenth Appellate District held, *Martinez* "does not recognize a constitutional right to counsel or effective assistance of counsel in post-conviction proceedings. Nor does it find any particular state procedural or substantive rules akin to Ohio's post-conviction relief scheme to be unconstitutional." *Waddy*, 2016-Ohio-4911 at ¶ 61. "Rather, *Martinez* simply 'established an equitable doctrine for overcoming procedural default in certain limited circumstances.'" *Id.* Indeed, the Supreme Court was careful to point out it was only recognizing a "narrow exception" to its holding in *Coleman*:

The rule of *Coleman* governs in all but the limited circumstances

recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

(Internal citations omitted.) *Martinez*, 132 S.Ct. at 1320. That is, the Court made clear that *Martinez* applies only to cases where defendants have been denied the effective assistance of counsel at the "initial review" stage of the litigation. *Id.* at 1315; *Waddy* at ¶ 61. The Court expressly stated that its holding does not apply to successive collateral proceedings. *Martinez* at 1320.

{¶ 30} Likewise, *Trevino* does not recognize a constitutional right to counsel or effective assistance of counsel in postconviction proceedings, nor does it find any state laws unconstitutional. While *Trevino* expands the *Martinez* rule to cases where defendants have been denied the effective assistance of counsel at the "initial review" stage of litigation such as direct appeal, it does not extend the rule to "attorney errors [in] second or successive collateral proceedings" or "in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Martinez* at 1320; *Trevino*, 133 S.Ct. at 1921. In other words, the *Martinez/Trevino* rule does not apply to successive PCR petitions and simply addresses when a federal court may ignore state procedural default and allow federal habeas claims to proceed. *See State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314; *State v. Guy*, 6th Dist. Sandusky No. S-15-019, 2016-Ohio-619.

{¶ 31} Furthermore, the United States Supreme Court has held that there is no federal constitutional right to counsel in state postconviction proceedings. Rather, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v.*

*Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987). Subsequently, as noted above, the Supreme Court held that because there is no constitutional right to an attorney in state postconviction proceedings, there is no federal constitutional right to the effective assistance of counsel in such proceedings. *Coleman*, 501 U.S. at 752 ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings"). That same year, the Ohio Supreme Court held that a postconviction indigent petitioner has neither a state nor a federal constitutional right to counsel. *State v. Crowder*, 60 Ohio St.3d 151, 152 (1991). This court has generally held that the Sixth Amendment right to effective assistance of counsel does not extend to state PCR proceedings. *See McKelton*, 2016-Ohio-3216.

**{¶ 32}** In light of the foregoing, we find the trial court did not abuse its discretion in denying appellant's successive PCR petition pursuant to R.C. 2953.23. Appellant's assignment of error is accordingly overruled.

**{¶ 33}** Judgment affirmed.

HENDRICKSON, P.J. and RINGLAND, J., concur.