[Cite as *State v. Russell*, 2017-Ohio-2871.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                  :                    No. 16AP-542
                                                                              (C.P.C. No. 01CR-6462)
v.                                                            :
                                                                        (ACCELERATED CALENDAR)
Mark R. Russell,                                  :

      Defendant-Appellant.              :

---

D E C I S I O N

Rendered on May 18, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Mark R. Russell*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Mark R. Russell, from a judgment of the Franklin County Court of Common Pleas denying his successive petition for post-conviction relief.

{¶ 2} On November 1, 2001, appellant was indicted on one count of murder with a firearm specification. The indictment arose out of the shooting death of Kenneth Sartin on August 11, 2000. A jury subsequently found appellant guilty of the murder charge and the trial court sentenced him to a term of 15 years to life, with an additional term of 3 years incarceration for the firearm specification.

{¶ 3} Appellant appealed his conviction asserting that he received ineffective assistance of counsel and that the trial court erred in refusing to allow into evidence tape-

recorded interviews between appellant and police detectives. In *State v. Russell,* 10th Dist. No. 03AP-666, 2004-Ohio-2501 (*"Russell I"*), this court overruled appellant's assignments of error and affirmed the judgment of the trial court.

{¶ 4} On July 3, 2003, appellant filed a motion for new trial citing the following three grounds: "(1) improper impeachment of appellant with his prior inconsistent statements; (2) denial of his request to play audio and video tapes of his previous statements; and (3) exclusion of evidence." *State v. Russell,* 10th Dist. No. 04AP-1149, 2005-Ohio-4063, ¶ 3 ("*Russell II"*). The trial court denied appellant's motion for new trial on the grounds of res judicata, holding that appellant's arguments were raised or could have been raised in his direct appeal. Appellant appealed the trial court's decision, and this court affirmed the judgment of the trial court in *Russell II.*

{¶ 5} On November 2, 2004, appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21, asserting the following grounds for relief: "(1) prosecutorial misconduct; (2) trial counsel coercion; (3) ineffective assistance of trial counsel; and (4) improper admission of evidence." *State v. Russell,* 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 3 ("*Russell III"*). By decision and entry filed March 22, 2005, the trial court denied appellant's petition without a hearing. In *Russell III,* this court affirmed the judgment of the trial court finding the petition was untimely.

{¶ 6} On January 20, 2005, appellant filed a motion to produce grand jury testimony. On November 21, 2005, the trial court denied the motion on the basis that it failed to set forth a particularized need for the disclosure. Appellant appealed that decision, and this court affirmed the judgment of the trial court in *State v. Russell,* 10th Dist. No. 05AP-1325, 2006-Ohio-5945 ("*Russell IV"*).

{¶ 7} On December 12, 2005, appellant filed a second motion for new trial asserting the state had failed to disclose the identity and statement of an individual to whom appellant had allegedly confessed to the crime. The trial court denied appellant's motion for new trial, concluding that his claims were barred by the doctrine of res judicata. Following an appeal, this court affirmed the judgment of the trial court in *State v. Russell,* 10th Dist. No. 06AP-498, 2006-Ohio-6221 ("*Russell V"*).

{¶ 8} On July 23, 2010, appellant filed a motion for leave to file a delayed motion for new trial, asserting newly discovered evidence. The trial court denied the motion by

decision and entry filed January 14, 2011. Appellant appealed that decision, and this court affirmed the judgment of the trial court in *State v. Russell,* 10th Dist. No. 11AP-108, 2011-Ohio-4519 ("*Russell VI*").

{¶ 9} On November 9, 2011, appellant filed a second petition for post-conviction relief. In response, the state filed a motion to dismiss the petition. By decision and entry filed February 13, 2012, the trial court granted the state's motion to dismiss. This court subsequently affirmed the judgment of the trial court. *See State v. Russell,* 10th Dist. No. 12AP-197, 2012-Ohio-4515 ("*Russell VII*").

{¶ 10} On May 5, 2016, appellant filed a "delayed petition for post-conviction relief and challenge to the constitutionality of Ohio Rev. Code § 2953.23(A)(1)(a) & (b)." On June 7, 2016, the state filed an answer and motion to dismiss appellant's petition. By decision and entry filed June 23, 2016, the trial court granted the state's motion to dismiss and denied the petition.

{¶ 11} On appeal, appellant sets forth the following three assignments of error for this court's review:

> [I.] APPELLANT'S 6TH AND 14TH AMENDMENT RIGHTS OF THE U.S. CONSTITUTION WERE VIOLATED WHEN THE TRIAL COURT ABUSED ITS DISCRETION DENYING APPELLANT'S DELAYED POST CONVICTION PETITION.
>
> [II.] ORC 2953.21, 2953.22, 2953.23(A)(1)(a) & (b) ARE UNCONSTITUTIONAL UPON THEIR FACE AND AS APPLIED IN VIOLATION OF THE SUPREMACY, DUE PROCESS, AND EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION UNDER THE RETROACTIVE DECISION IN <u>MARTINEZ</u>, <u>TR[E]VINO</u>, AND <u>MONTGOMERY</u>, BECAUSE SUCH DENIES INDIGENT PRISONERS POST CONVICTION DISCOVERY PROCEDURES THAT FORECLOSES THEIR RIGHT-OF-REMEDY TO PROVE <u>BRADY</u> VIOLATIONS.
>
> [III.] ORC 2953.21, 2953.22, 2953.23(A)(1)(a) & (b) ARE UNCONSTITUTIONAL UPON THEIR FACE AND AS APPLIED IN VIOLATION OF THE SUPREMACY, DUE PROCESS, AND EQUAL PROTECTION CLAUSES OF THE U.S. CONSTITUTION UNDER RETROACTIVE DECISIONS IN <u>MARTINEZ</u>, <u>TR[E]VINO</u>, AND <u>MONTGOMERY</u>, BECAUSE SUCH DENIES INDIGENT PRISONERS POST CONVICTION DISCOVERY PROCEDURES THAT

FORECLOSES THEIR RIGHT-OF-REMEDY TO PROVE
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS
WITH EVIDENCE OUTSIDE THE RECORD.

{¶ 12} Appellant's three assignments of error are interrelated and will be considered together.  Under his first assignment of error, appellant, pro se, contends the trial court erred in denying his successive petition for post-conviction relief.  Under his second and third assignments of error, appellant asserts that Ohio's post-conviction relief statutes are unconstitutional as denying post-conviction discovery procedures that foreclose a prisoner's right to prove *Brady*[1] violations as well as the right to prove ineffective assistance of counsel.

{¶ 13} Under Ohio law, a post-conviction relief proceeding "is a collateral civil attack on a judgment," and therefore an appellate court reviews the trial court's ruling "for an abuse of discretion."  *State v. King,* 8th Dist. No. 103947, 2017-Ohio-181, ¶ 10.  Ohio's post-conviction relief statute, R.C. 2953.21(A), "permits a person who has been convicted of a criminal offense and who claims that there was a constitutional violation that rendered the judgment void or voidable to file a petition asking the court to set aside the judgment or grant other appropriate relief."  *Id.* at ¶ 11.  At the time of appellant's conviction, R.C. 2953.21(A)(2) required that a petition be filed no later than 180 days after the date the trial transcript was filed in the court of appeals in the direct appeal.

{¶ 14} A trial court may not entertain an untimely or successive petition for post-conviction relief unless the petitioner "initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation."  *State v. Chavis,* 10th Dist. No. 15AP-557, 2015-Ohio-5549, ¶ 9, citing R.C. 2953.23(A)(1)(a).  Further, "[i]f the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty."  *Id.,* citing R.C. 2953.23(A)(1)(b). The time period defined under R.C. 2953.21(A)(2) "is jurisdictional," and unless a defendant makes the showings required by R.C. 2953.23(A),

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

a trial court lacks jurisdiction to consider either an untimely or a successive petition for post-conviction relief. *State v. Norris,* 7th Dist. No. 11 MO 4, 2013-Ohio-866, ¶ 10.

{¶ 15} In his pro se petition before the trial court, appellant claimed he met the exception for filing a successive petition "based upon several United States Supreme Court cases that recognize 'new' federal and state rights that apply retroactively to defendant-petitioner's situation." Appellant's underlying claim in his petition for post-conviction relief was that the prosecutor presented misleading testimony during the grand jury proceedings that resulted in his indictment. Specifically, appellant argued the state presented improper testimony before the grand jury as to whether he confessed to a witness regarding the death of the shooting victim.

{¶ 16} In *Russell IV,* appellant raised a similar claim in challenging the trial court's denial of his motion to produce grand jury testimony. In that case, appellant asserted someone had falsely testified before the grand jury because "the state indicated at pre-trial hearings that defendant had confessed to a witness," but "no one testified to the confession at trial." *Id.* at ¶ 12. This court rejected appellant's argument, finding the fact that a witness "may have testified before the grand jury but not at trial does not demonstrate a particularized need for the disclosure of grand jury testimony. * * * Nor would that fact demonstrate that the witness falsely testified before the grand jury." *Id.*

{¶ 17} In *Russell V,* appellant again raised this issue in challenging the trial court's denial of his second motion for new trial, asserting that "the state had failed to disclose, prior to trial, the identity and statement of an individual to whom appellant had allegedly confessed to the crime." *Id.* at ¶ 7. This court found no error by the trial court in denying the motion, holding in part:

> Appellant maintains he is entitled to a new trial because the prosecutor failed to disclose discovery material essential to his defense. More specifically, appellant argues that the prosecutor, during an arraignment hearing on October 23, 2001, stated that appellant confessed to an individual about killing the victim. Appellant argues that the identity of this individual was never disclosed, nor did this individual ever testify in subsequent court proceedings. Appellant contends that false or misleading testimony regarding this individual was given to the grand jury to secure the indictment.
>
> * * *

> Upon review, we find no abuse of discretion by the trial court in denying appellant's motion based upon the doctrine of res judicata. * * * In the present case, as noted above, in addition to the direct appeal of his conviction, appellant previously filed a petition for post-conviction relief and a motion for new trial. The state argues, and we agree, that appellant fails to explain how the matters raised in the instant successive motion for new trial could not have been raised in appellant's earlier filings. Under these circumstances, the trial court had discretion to deny, on the grounds of res judicata, appellant's second motion for new trial.

*Russell V* at ¶ 10-12.

{¶ 18} In the instant case, the trial court found the claims raised in appellant's petition for post-conviction relief, "the latest of many" filed by appellant, "are barred by the doctrine of *res judicata*." (Emphasis sic.) On review of the record, including this court's previous determination in *Russell V* that appellant failed to demonstrate why he could not have raised the issue of the state's alleged misleading testimony in his earlier filings, we find no error by the trial court.

{¶ 19} The trial court further found no merit to appellant's "argument that the cases he cites recognize new rights that apply retroactively to [his] claims." (June 7, 2016 Entry at 2.) We also find no error with the trial court's determination on that issue.

{¶ 20} Appellant argued before the trial court that the United States Supreme Court had released three decisions recognizing new federal or state rights that affect a state's post-conviction procedures on substantive constitutional grounds that apply retroactively to individuals in his situation. Specifically, appellant relied on *Martinez v. Ryan,* 566 U.S. 1 (2012); *Trevino v. Thaler,* 569 U.S. ___, 133 S.Ct. 1911 (2013); and *Montgomery v. Louisiana,* 577 U.S. ___, 136 S.Ct. 718 (2016).

{¶ 21} In *Martinez,* the Supreme Court held that a federal habeas petitioner could overcome federal procedural default rules if a state law required a defendant could only raise ineffective assistance of counsel in a collateral proceeding (i.e., the Arizona state law at issue in *Martinez* did "not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review"). *Id.* at 4. Ohio, however, "does not require claims of ineffective assistance of trial counsel to be brought in such a proceeding,

and it regularly considers these claims on direct appeal." *In re Hartman,* 6th Cir. No. 12-4255 (Nov. 8, 2012).[2] Further, "the Supreme Court has not determined that *Martinez* announced a new rule that should be retroactively available to cases on collateral review." *Id. See also State v. Stephens,* 9th Dist. No. 27957, 2016-Ohio-4942, ¶ 10 ("Unlike the circumstances in *Martinez,* Stephens had the opportunity to, and did, raise an ineffective assistance challenge on direct appeal," and it therefore follows that "*Martinez* did not establish a new right enabling Stephens to file an untimely petition" for post-conviction relief.).

{¶ 22} Thus, "*Martinez* does not provide a free-standing constitutional right to the appointment of counsel in postconviction proceedings. Rather, it established an equitable doctrine for overcoming procedural default in certain limited circumstances." *State v. Glover*, 8th Dist. No. 100330, 2014-Ohio-3228, ¶ 28. *See also State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, ¶ 61 ("*Martinez* * * * does not recognize a constitutional right to counsel or effective assistance of counsel in post-conviction proceedings. Nor does it find any particular state procedural or substantive rules akin to Ohio's post-conviction relief scheme to be unconstitutional.").

{¶ 23} In *Trevino,* the Supreme Court "extended the rationale of *Martinez* to Texas convictions when state procedural rules do not require the defendant to raise an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding but also do not provide a meaningful opportunity to raise such a claim on direct appeal." *Clark v. Davis,* 850 F.3d 770, 776 (5th Cir.2017). *Trevino,* however, "does not recognize a constitutional right to counsel or effective assistance of counsel in postconviction proceedings, nor does it find any state laws unconstitutional." *State v. Boles,* 12th Dist. No. CA2016-07-014, 2017-Ohio-786, ¶ 30. Rather, "[w]hile *Trevino* expands the *Martinez* rule to cases where defendants have been denied the effective assistance of counsel at the 'initial review' stage of litigation such as direct appeal, it does not extend the rule to 'attorney errors [in] second or successive collateral proceedings' or 'in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.' " *Id.*, quoting *Martinez* at 16. Stated otherwise, "the *Martinez/Trevino*

---

[2] As noted under the facts, appellant raised a claim of ineffective assistance of counsel in his direct appeal.

rule does not apply to successive [post-conviction relief] petitions and simply addresses when a federal court may ignore state procedural default and allow federal habeas claims to proceed." *Id.*

{¶ 24} The final case cited by appellant, *Montgomery,* in which the Supreme Court addressed mandatory life imprisonment without parole for juvenile offenders, likewise does not support his position for filing a successive petition.  In *Montgomery,* the Supreme Court held that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Id.* at 729.  However, as discussed above, neither *Martinez* nor *Trevino* involve a new substantive rule of constitutional law that controls the outcome of this case.  Accordingly, because none of the cases cited by appellant establish a new right that applies retroactively to his situation, the trial court did not err in dismissing his successive petition for post-conviction relief.

{¶ 25} Based on the foregoing, appellant's three assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____