[Cite as *State v. Scott*, 2023-Ohio-1184.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-07-012 |
| | : | O P I N I O N |
| - vs - | | 4/10/2023 |
| | : | |
| CHRISTOPHER L. SCOTT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 12 CR 010970

Martin P. Votel, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Christopher L. Scott, pro se.

**BYRNE, J.**

{¶1}   Christopher Scott appeals from a decision of the Preble County Court of Common Pleas denying his "Motion to [Vacate] and [Set Aside] Sentence Pursuant to Civil Rule 60(B)(5)."[1]  For the reasons that follow, we affirm the trial court's denial of that motion, though we do so for different reasons than those stated by the trial court.

---

1. The bracketed text corrects spelling and spacing errors in the original.

**I. Procedural and Factual Background**

{¶2}   In 2012, a Preble County grand jury indicted Scott on eight counts, consisting of three counts of first-degree felony rape, one count of sexual battery, three counts of gross sexual imposition, and one count of importuning.  All but the importuning count included sexually violent predator specifications.  The indictment followed Scott's admission to law enforcement that he sexually abused his stepdaughter over the course of multiple years.

{¶3}   Scott and the state subsequently entered into a plea agreement in which Scott agreed to plead guilty to one count of rape, one count of sexual battery, two counts of gross sexual imposition, and one count of importuning.  In exchange, the state agreed to dismiss the remaining charges as well as all the sexually violent predator specifications.  Scott and the state also agreed on a sentence of ten years to life in prison for rape, eight years for sexual battery, and five years each for the two gross sexual imposition and importuning offenses.  The parties further agreed that the various sentences imposed by the trial court should be served concurrently, for an aggregate sentence of ten years to life.  The trial court accepted Scott's guilty pleas and imposed the agreed upon sentence.  Scott did not directly appeal his conviction.

{¶4}   In 2016, Scott filed a motion to correct a void sentence, which the trial court denied.  Scott appealed that decision out-of-time, and then filed a motion with this court for leave to file a delayed appeal of that decision.  We denied Scott's motion to file a delayed appeal.  *State v. Scott*, 12th Dist. Preble No. CA2016-08-008 (Sep. 21, 2016) (Entry Denying Motion for Delayed Appeal).

{¶5}   In 2018, Scott moved to withdraw his guilty plea.  The trial court denied that motion as well.  Scott timely appealed.  We affirmed the denial of Scott's motion to withdraw his guilty plea but remanded for the issuance of a nunc pro tunc sentencing entry to reflect that Scott would be subject to a mandatory period of postrelease control should he ever be

released from prison. *State v. Scott*, 12th Dist. Preble No. CA2018-10-015, 2019-Ohio-1292, ¶ 41.

{¶6} In 2022—ten years after his guilty plea and sentencing—Scott filed a "Motion to [Vacate] and [Set Aside] Sentence Pursuant to Civil Rule 60(B)(5)." In the motion, Scott argued that his plea agreement was invalid because he was fraudulently induced to enter it. The trial court denied the motion, stating:

> It is not necessary for the Court to address the merits of Defendant's motion because he is seeking relief in a criminal case under the authority granted the Court under the Civil Rules. The Civil Rules do not apply to criminal cases and the Court lacks the authority to grant the relief the Defendant seeks under Civil Rule 60(B). Consequently, Defendant's motion is denied.

Scott appealed, raising one assignment of error.

## II. Law and Analysis

{¶7} Scott's assignment of error states:

{¶8} THE TRIAL COURT REFUSED TO ADDRESS THE IMPOSSIBILITY OF PERFORMANCE IS AN AFFIRMATIVE DEFENSE TO A BREACH OF CONTRACT CLAIM. IMPOSSIBILITY OF PERFORMANCE OCCURS WHERE, AFTER THE CONTRACT IS ENTERED INTO, AN UNFORESEEN EVENT ARISES RENDERING IMPOSSIBLE THE PERFORMANCE OF ONE OF THE CONTRACTING PARTIES. PERFORMANCE MAY BE IMPRACTICABLE BECAUSE IT WILL INVOLVE A RISK OF INJURY TO PERSON OR PROPERTY THAT IS DISPROPORTIONATE TO THE ENDS TO BE ATTAINED BY PERFORMANCE. IMPRACTICABILITY MEANS MORE THAN IMPRACTICALITY. A MERE CHANGE IN THE DEGREE OF DIFFICULTY OR EXPENSE DOES NOT AMOUNT TO IMPRACTICABILITY. A PARTY IS EXPECTED TO USE REASONABLE EFFORTS TO SURMOUNT OBSTACLES TO PERFORMANCE, AND PERFORMANCE IS ONLY IMPRACTICABLE IF IT IS SO IN SPITE OF SUCH EFFORTS.

{¶9} Scott's appellate brief is difficult to follow. He appears to argue that in 2012 the state misled him into agreeing to the plea deal, which he characterizes as an adhesion contract. Specifically, Scott argues that the state told him that he was facing a life sentence without the possibility of parole, when in fact this sentence was not an available sentence with respect to the crimes with which he was charged. Scott argues that the plea agreement was a contract and that performance of this contract was "impossible" because the state

misrepresented the terms of the contract. Likewise, he argues that the plea agreement "contract" was not enforceable because it was "unconscionable." Scott also contends that "there [was] no statutory mandated ten-to-life sentence" for his rape conviction.[2]

{¶10} The trial court denied Scott's "Motion to [Vacate] and [Set Aside] Sentence Pursuant to Civil Rule 60(B)(5)" without addressing the merits of Scott's arguments. The trial court instead simply found that, "The Civil Rules do not apply to criminal cases and the Court lacks the authority to grant the relief the Defendant seeks under Civil Rule 60(B)."

{¶11} While it is *usually* true that the Rules of Civil Procedure do not apply in criminal cases, the trial court went too far by suggesting that the Rules of Civil Procedure *never* apply in criminal cases. In fact, Crim.R. 57(B) provides that "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." The Ohio Supreme Court has recognized that "the plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 10. We have cited *Schlee* and applied its reasoning in our cases. *State v. Strunk*, 12th Dist. Butler No. CA2010-09-085, 2011-Ohio-417, ¶ 8 ("Therefore, the civil rules may be invoked where appropriate to fill a void in the rules of criminal procedure in a criminal case").

{¶12} The trial court should have therefore considered—and we must now consider—whether there was a void in the criminal procedure rules that merited Scott looking to Civ.R. 60(B). We conclude there was no such void. On the contrary, there is a criminal rule that addresses the type of arguments raised by Scott in his Civ.R. 60(B) motion.

---

2. The state characterizes Scott as arguing that he did not knowingly and voluntarily waive his rights.

Specifically, Crim.R. 35 establishes a detailed, specific procedure for filing a petition for postconviction relief ("PCR petition") as authorized by R.C. 2953.21. Scott's motion amounted to a PCR petition. *Strunk* at ¶ 9.

{¶13} A motion qualifies as a PCR petition if it (1) is filed after a defendant's direct appeal, (2) claims a denial of the defendant's constitutional rights, (3) seeks to render the judgment void, and (4) asks the trial court to vacate the judgment. *Id.* at ¶ 10, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). In reviewing the *Reynolds* elements, Scott's Civ.R. 60(B) motion for relief from judgment qualified as a petition for postconviction relief, regardless of the title of the motion. Scott filed the motion after his time to file a direct appeal passed, claimed a denial of his constitutional due process rights, and sought to render his conviction void and to "vacate and set aside" his sentence.

{¶14} The Ohio Supreme Court in *Schlee* held that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *Schlee*, 2008-Ohio-545 at ¶ 12. Therefore, to analyze Scott's motion under the proper criteria, we recast that motion and analyze it as a PCR petition, just as we did in *Strunk*. *Id.* at ¶ 10-11.

{¶15} To be timely, a PCR petition must be filed within 365 days after the trial transcript is filed in the court of appeals (in the case of a direct appeal), or, if no appeal is taken, no later than 365 days after the expiration of the time for filing the direct appeal. R.C. 2953.21(A)(2). The trial court sentenced Scott on September 24, 2012. Scott filed his PCR petition approximately ten years later, clearly outside the required time period.

{¶16} In accordance with R.C. 2953.23(A)(1), a court may entertain an untimely PCR petition if the petitioner demonstrates one of the following prerequisites: (1) he was unavoidably prevented from discovering facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies

retroactively to persons in the petitioner's situation. If the petitioner satisfies his burden to show one of these two conditions, he must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶17} Scott does not argue the existence of the prerequisites for entertaining an untimely PCR petition, and the record before us does not demonstrate that either of those prerequisites were met in this case. Accordingly, the trial court lacked jurisdiction to consider the merits of his PCR petition. *Strunk*, 2011-Ohio-417 at ¶ 14, citing *State v. King*, 12th Dist. Clermont No. CA2005-07-064, ¶ 7; *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24. For this reason, we affirm the trial court's decision.

{¶18} Additionally, we note that a PCR petition does not provide a petitioner with a second opportunity to litigate a conviction. *State v. Boles*, 12th Dist. Brown No. CA2016-07-014, 2017-Ohio-786, ¶ 19. Therefore, a trial court may dismiss a PCR petition based on the doctrine of res judicata. *Id*. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, (1996) syllabus.

{¶19} Scott's argument that his plea agreement was invalid because it was fraudulently induced could have been raised on direct appeal. Accordingly, even if Scott's motion is not properly recast as a PCR petition, the argument he raises would be barred by res judicata.

{¶20} In addition, to the extent Scott argues that his sentence was not authorized by law, any alleged sentencing error may not be raised and adjudicated at this time. The

Ohio Supreme Court held that sentences imposed in error are only void if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 27. Otherwise, such sentences are voidable, and a voidable judgment has the force of a valid legal judgment. *Id*. at ¶ 17. "The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id*. at ¶17. In this case, the trial court had subject matter jurisdiction over the case and personal jurisdiction over Scott at the time of sentencing. Thus, any error in the sentence would only render it voidable, not void. And because Scott did not challenge his sentence on direct appeal, this issue would also be barred by res judicata even if Scott's motion were not properly recast as a PCR petition.

{¶21} For these reasons, we conclude that the trial court properly denied Scott's "Motion to [Vacate] and [Set Aside] Sentence Pursuant to Civil Rule 60(B)(5)," although for the wrong reason. However, "a proper decision by a lower court that is based upon improper grounds is not cause for reversal." *Strunk*, 2011-Ohio-417 at ¶ 15, citing *State v. Lozier,* 101 Ohio St.3d 161, 2004-Ohio-732, ¶ 46. Accordingly, we overrule Scott's sole assignment of error and affirm the judgment of the trial court.

{¶22} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.