DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Frank Sprenz, has appealed from a decision of the Summit County Court of Common Pleas dismissing his petition for post-conviction relief. We affirm.
 I. {¶ 2} On November 14, 1996, following a jury trial, Appellant was convicted of one count of complicity to commit aggravated burglary and two counts of complicity to commit involuntary manslaughter. The trial court sentenced him to ten to twenty-five years in prison on the each of the involuntary manslaughter counts and fifteen to twenty-five years on the aggravated burglary count. The court ordered that the sentences be served consecutively. Appellant appealed, and this Court affirmed his convictions. State v. Sprenz (Feb. 11, 1998), 9th Dist. No. 18254.
 {¶ 3} On October 18, 2004, Appellant filed a petition for post-conviction relief and requested an evidentiary hearing on the matter. The trial court denied the petition on November 16, 2004. Appellant timely appealed, raising three assignments of error for our review. For ease of analysis, we will address Appellant's first two assignments of error together.
 II. Assignment of Error No. 1
"The constitution of the united states under the sixth amendment's confrontation clause prescribes the procedure for determining the reliability of hearsay testimony in criminal trials, and the trial court lacks authority to replace it with one of its own devising. Crawford v.Washington [(2004), 541 U.S. 36]. The prosecution presented fourteen witnesses at petitioner's trial; the testimony of thirteen either did not implicate him or were hearsay."
 Assignment of Error No. 2
"The trial court made no determination on any findings of R.C. 2929.12(B) for finding the appropriateness of a longer maximum or consecutive prison terms. Also, the trial court did not attempt to justify shorter sentences as requi[red] by R.C. 2929.12(C) and the eighth and Fourteenth amendments to the U.S. Constitution."
 {¶ 4} In his first two assignments of error, Appellant maintains that the trial court erred by dismissing his petition for post-conviction relief. We disagree.
 {¶ 5} The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. State v.Glynn, 9th Dist. No. 02CA0090-M, 2003-Ohio-1799, at ¶ 4. Therefore, this Court will not disturb the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. Id. An abuse of discretion is more than an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It arises where the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 6} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief, and imposes time limits for the filing of petitions seeking such relief. Specifically, R.C. 2953.21(A)(2) provides that:
"[A] petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of time for filing the appeal."
 {¶ 7} The trial transcript was filed with this Court on April 25, 1997. Therefore, Appellant had until October 22, 1997 to file his petition for post-conviction relief. Appellant did not file his petition until October 18, 2004, well beyond the time limit provided by R.C.2953.21(A)(2).
 {¶ 8} Because Appellant's petition was untimely filed, the trial court was without jurisdiction to consider the petition unless Appellant demonstrated that he met the requirements of R.C. 2953.23(A). Glynn, at ¶ 7. In pertinent part, R.C. 2953.23(A) provides that a court may entertain a petition filed after the deadline provided by R.C. 2953.21 if both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of [R.C. 2953.21] or the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C.2953.23(A)(1).
 {¶ 9} In his first assignment of error, Appellant challenges the testimonies of fourteen witnesses presented by the State at his trial. Specifically, Appellant maintains that, under the rule announced byCrawford v. Washington (2004), 541 U.S. 36, certain statements made by five of those witnesses were admitted in violation of his Confrontation Clause right. Appellant further maintains that the testimonies of eight other witnesses did not implicate him in the criminal conduct at issue. Appellant concedes that the testimony of the remaining witness was properly admitted and did implicate him in the crimes of which he was convicted. However, Appellant argues, the testimony of this witness was not credible, due to her own involvement in the criminal acts with which Appellant was charged.
 {¶ 10} The arguments Appellant has presented in his first assignment of error raise the issue of whether Crawford v. Washington applies retroactively. Because Appellant has not argued that he was unavoidably prevented from discovering the facts he has relied upon in his pursuit of post-conviction relief, he cannot meet the requirements of R.C.2953.23(A)(1)(a) unless Crawford v. Washington is retroactive. We need not address this issue, however, because Appellant has not met the requirements of R.C. 2953.23(A)(1)(b).
 {¶ 11} First, while Appellant contends that the testimonies of five of the State's witnesses contained hearsay statements, he does not argue that these statements are the kind of hearsay to which Crawford v.Washington applies. That is, Appellant does not argue that the statements of these witnesses were testimonial hearsay. Even if we were to accept, for the sake of argument, Appellant's contentions that the admission of the testimonies of those five witnesses amounted to constitutional error, and that eight of the other witnesses against him did not incriminate him, we are left with the testimony of one witness. Conceding that this witness' testimony was admissible and that it implicated him in the crimes of which he was convicted, Appellant argues that her testimony was not credible. This credibility challenge is insufficient to demonstrate, by clear and convincing evidence, that "no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 12} In his second assignment of error, Appellant challenges the validity of his sentence. In support of this assignment of error, Appellant argues, in part, that the trial court sentenced him based upon a belief that the jury erred by finding him not guilty of several of the offenses with which he was charged. Appellant points out that he was charged with, but found not guilty of, two counts of complicity to commit aggravated murder, with a specification for imposing death or imprisonment for a capital offense; complicity to commit attempted aggravated murder, with a specification for a prior aggravated felony; and complicity to commit aggravated arson, with a prior aggravated felony specification. Appellant maintains that, in sentencing him to an aggregate of 35 to 75 years of incarceration for the two counts of complicity to commit involuntary manslaughter and the one count of complicity to commit aggravated burglary of which he was convicted, the trial court was punishing him for the crimes of which he was acquitted.
 {¶ 13} Because Appellant presented this argument through an untimely petition for post-conviction relief, the trial court was without statutory authority to reach the merits of it, as is this Court on appeal. R.C.2953.23(A)(1)(b) does not extend to sentencing errors, except for those occurring within the capital punishment context. State v. Barkley, 9th Dist. No. 22351, 2005-Ohio-1268, at ¶ 11.
 {¶ 14} Because Appellant has not met the requirements of R.C.2953.23(A)(1)(b), the trial court was without jurisdiction to consider his untimely petition for post-conviction relief. Therefore, the trial court did not abuse its discretion by dismissing Appellant's petition. Appellant's first and second assignments of error are overruled.
 Assignment of Error No. 3
"The trial court erred when it dismissed defendant's motion to correct and/or modify sentence pursuant to [R.C. 2929.41] without an evidentiary hearing. motion was submitted on october 10, 2004 and was dismissed in violation of the sixth and fourteenth amendment[s] to the U.S. constitution."
 {¶ 15} In his second assignment of error, Appellant maintains that the trial court erred by failing to hold an evidentiary hearing before disposing of his petition for post-conviction relief. Given this Court's conclusion that the trial court was without jurisdiction to consider Appellant's untimely petition for post-conviction relief, the trial court did not err by failing to hold an evidentiary hearing before dismissing that petition. Appellant's third assignment of error is overruled.
 III. {¶ 16} Appellant's three assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., Concur,