[Cite as *State v. Stephens*, 2016-Ohio-4942.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

CHAD STEPHENS

    Appellant

C.A. No.    27957

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 09 2456

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

CARR, Presiding Judge.

{¶1} Appellant, Chad Stephens, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2012, Stephens was convicted of murder and aggravated robbery. The trial court imposed a sentence of 23 years to life in prison. Stephens raised several arguments on direct appeal, including that his speedy trial rights were violated and that trial counsel was ineffective. Stephens' convictions were affirmed by this Court. *State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223.

{¶3} On March 31, 2015, Stephens filed a petition for post-conviction relief. In support of his petition, Stephens argued that trial counsel rendered ineffective assistance by failing to move for dismissal on speedy trial grounds. Stephens further claimed that he had identified two witnesses who could exonerate him. The State moved to dismiss the petition on

the basis that it was untimely. On August 4, 2015, the trial court denied the petition, concluding that the petition was untimely and that Stephens failed to meet the requirements set forth in R.C. 2953.23(A)(1).

{¶4}   On appeal, Stephens raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE TIMELINESS AND MERITS OF CHAD STEPHENS' POST-CONVICTION PETITION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING THE EVIDENCE PRESENTED IN STEPHENS' PETITION DID NOT CONSTITUTE "NEWLY DISCOVERED EVIDENCE", AND THERE WAS NO JUST CAUSE FOR DELAY.

{¶5}   In his first assignment of error, Stephens contends that the trial court erred by failing to conduct an evidentiary hearing prior to denying his petition. In his second assignment of error, Stephens contends that the trial court erred by concluding that he failed to present newly discovered evidence. This Court disagrees.

{¶6}   As Stephens filed his petition on March 31, 2015, the recently amended version of R.C. 2953.21(A)(2) is applicable in this matter. *State v. Thomas*, 8th Dist. Cuyahoga No. 103784, 2016-Ohio-3327, ¶ 9. R.C. 2953.21(A)(2) now provides that a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." In Stephens' direct appeal to this Court, the transcripts were filed on September 10, 2012. Stephens did not file his petition for post-conviction relief until March 31, 2015, well after the 365-day window set forth in R.C. 2953.21(A)(2).

{¶7}    A trial court does not have authority to entertain an untimely petition for post-conviction relief unless the petitioner shows that: (1) either he or she was "unavoidably prevented from discovery of the facts upon which the petition must rely to present the claim for relief, or, [after the filing deadline], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and that the petition asserts a claim based on that right;" and (2) the petitioner shows that but for the constitutional error at trial, no reasonable fact-finder would have found petitioner guilty.   R.C. 2953.23(A)(1)(a)-(b).   When a party fails to satisfy the requirements for filing an untimely petition under R.C. 2953.23(A)(1), the trial court does not err by failing to hold an evidentiary hearing before dismissing the petition.  *State v. Luther*, 9th Dist. Lorain No. 05CA008770, 2006-Ohio-2280, ¶ 14, citing *State v. Sprenz*, 9th Dist. No. 22433, 2005-Ohio-1491, ¶ 15; *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6.

{¶8}    In this case, Stephens' argument pertaining to the performance of trial counsel in relation to his speedy trial rights constituted a refurbished adaptation of the legal arguments that he raised on direct appeal.  Stephens cites a concurring opinion filed in our decision resolving his direct appeal in support of the proposition that his speedy trial claim is viable. *Stephens*, 2013-Ohio-2223, ¶ 42 (Belfance, J., concurring in judgment only) (noting that "[t]he appellate record does not contain any evidence of when the [out-of-county] holder was instituted").  We note, however, that this Court's majority decision concluded that Stephens admitted to the existence of an out-of-county holder and determined that his speedy trial argument was meritless.  *Stephens*, 2013-Ohio-2223, ¶ 8-15.  Nonetheless, given that the procedural facts underpinning Stephens' speedy trial claim were ascertainable before the deadline for filing a timely petition, the trial

court correctly concluded this argument did not constitute a valid basis for the filing of an untimely petition.

{¶9} While Stephens did include a discussion of "newly discovered evidence" in his untimely petition, he failed to demonstrate that he was unavoidably prevented from discovering this evidence before the expiration of the 365-day window set forth in R.C. 2953.21(A)(2). Stephens presented the affidavit of D.R., who claimed sole responsibility for the crimes that gave rise to this matter. Significantly, D.R.'s affidavit was notarized on August 29, 2012, prior to the date when the transcripts had been filed in Stephens' direct appeal. Stephens also identified a potential witness, A.L., who he "believe[d]" could offer exculpatory testimony. With respect to the allegedly exculpatory testimony that D.R. and A.L. might offer, however, Stephens did not offer a cogent explanation regarding how he was unavoidably prevented from discovering this evidence within the timeframe prescribed by R.C. 2953.21(A)(2).

{¶10} Stephens further maintained that the Supreme Court of the United States recognized a new right applicable to his case in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). While *Martinez* dealt with the right to challenge the performance of trial counsel in a post-conviction proceeding, the Supreme Court limited its holding to circumstances where criminal defendants were denied that right at the "initial review" stage of the litigation. *Martinez* at 1315. Unlike the circumstances in *Martinez*, Stephens had the opportunity to, and did, raise an ineffective assistance challenge on direct appeal. It follows that *Martinez* did not establish a new right enabling Stephens to file an untimely petition. *See generally State v. Glover*, 8th Dist. Nos. 100330, 100331, 2014-Ohio-3228, ¶ 26-31.

{¶11} Stephens' untimely petition did not offer a viable reason as to why he was unavoidably prevented from discovering the facts upon which his petition was based, nor did it

identify a retroactive right that has been recognized by the United States Supreme Court. Because Stephens did not meet the requirements for filing an untimely petition under R.C. 2953.23(A)(1), the trial court lacked authority to consider the merits of Stephens' petition and correctly denied him the requested relief without a hearing. *Sprenz*, 2005-Ohio-1491, at ¶ 15.

{¶12} Stephens' assignments of error are overruled.

### III.

{¶13} Stephens' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.