[Cite as *State v. Franks*, 2017-Ohio-7045.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JERRY FRANKS

    Appellant

C.A. No.    28533

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1996-08-2041 (B)

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

---

CALLAHAN, Judge.

{¶1} Appellant, Jerry Franks, appeals the trial court's denial of his second delayed petition for post-conviction relief. This Court affirms.

I.

{¶2} The facts and initial procedural history of this case were set out in Mr. Franks' direct appeal. *See State v. Franks*, 9th Dist. Summit No. 18767, 1998 WL 696777, *1-2 (Oct. 7, 1998). After this Court reversed the portion of the judgment relating to the aggravating circumstance specification, Mr. Franks was ultimately sentenced to twenty-three years to life on February 3, 1999. On March 22, 2001, Mr. Franks filed a pro se delayed petition for post-conviction relief, in which he claimed that he was in possession of newly discovered evidence that was indicative of a *Brady* violation. The trial court denied the petition without a hearing and Mr. Franks did not appeal the trial court's decision.

{¶3} On October 25, 2016, Mr. Franks filed a second delayed petition for post-conviction relief. In this delayed petition, Mr. Franks again argued that he was denied his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), because the prosecutor withheld exculpatory ballistics evidence and ballistics reports and findings. Mr. Franks also argued his trial counsel was ineffective in failing to properly investigate, and it was counsel's deficient performance that allowed the prosecution to withhold favorable material and impeachment evidence.

{¶4} Finally, Mr. Franks argued that the United States Supreme Court recognized new federal and state rights in state post-conviction relief procedures which apply retroactively, including the retroactive application of *Crawford v. Washington*, 541 U.S. 36 (2004).

{¶5} The trial court again denied Mr. Franks' petition without a hearing, concluding that Mr. Franks failed to comply with R.C. 2953.23(A)(1) and it, therefore, lacked jurisdiction to consider the petition. Mr. Franks appeals, raising four assignments of error, each of which contend that the trial court erred by dismissing his petition for post-conviction relief without a hearing. For ease of analysis, this Court will address Mr. Franks' assignments of error out of order.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION VIOLATING THE SUPREMACY, DUE PROCESS AND EQUAL PROTECTION CLAUSES, U.S. CONSTITUTION, DENYING THE DELAYED PETITION FOR POST-CONVICTION RELIEF ([]R[.]C[.][]2953.23(A)(1)(a)&(b)) WITHOUT A HEARING ON JURISDICTIONAL GROUNDS BY REFUSING TO ACCEPT THAT MARTINEZ V. RYAN, AS EXTENDED IN TR[E]VINO V. THALER, AND MADE BINDING BY MONTGOMERY V. LOUISIANA, RECOGNIZED NEW FEDERAL AND STATE RIGHTS IN STATE POST-CONVICTION RELIEF PROCEDURES THAT ARE THE EQUIVALENT AND ON THE SAME

FOOTING WITH THE RIGHTS ASSOCIATED WITH A DIRECT APPEAL THAT APPLIES RETROACTIVELY. (Emphasis deleted.)

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION VIOLATING THE SUPREMACY, DUE PROCESS AND EQUAL PROTECTION CLAUSES, U.S. CONSTITUTION, DENYING THE DELAYED PETITION FOR POST-CONVICTION RELIEF ([]R[.]C[.][]2953.23(A)(1)(a)&(b)) WITHOUT A HEARING ON JURISDICTIONAL GROUNDS IN AN OBJECTIVELY UNREASONABLE MANNER BY REFUSING TO ACCEPT CRAWFORD V. WASHINGTON WAS MADE RETROACTIVE THROUGH DANFORTH V. MINNESOTA; TO WHICH WAS ALSO AFFECTED BY MONTGOMERY V. LOUISIANA CONCERNING THE NEW RETROACTIVE CONSTITUTIONAL RIGHTS IN STATE POST-CONVICTION PROCEDURE COMBINED WITH THE STATE COURT'S DUTY TO ENFORCE THE SUPREME FEDERAL LAW IN THE COLLATERAL PROCEEDINGS. (Emphasis deleted.)

{¶6} In his first assignment of error, Mr. Franks contends that "*Martinez v. Ryan*, as extended in *Tr[e]vino v. Thaler*, and made binding by [] *Montgomery v. Louisiana*, recognized new federal and state rights in [] [s]tate post-conviction relief procedures." (Emphasis deleted.) In his fourth assignment of error, Mr. Franks argues that "*Crawford v. Washington* was made retroactive [] through *Danforth v. Minnesota*" and applied to his case. (Emphasis deleted.)

{¶7} The decision to grant or deny a petition for post-conviction relief is committed to the discretion of the trial court. *State v. Glynn*, 9th Dist. Medina No. 02CA0090-M, 2003-Ohio-1799, ¶ 4. Therefore, this Court will not disturb the decision of a trial court regarding a petition for post-conviction relief absent an abuse of discretion. *Id*. An abuse of discretion is more than an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). It arises where the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Id*.

{¶8} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief, and imposes time limits for the filing of petitions seeking such relief. Specifically, former R.C. 2953.21(A)(2), in effect at the time of Mr. Franks' conviction, provided that:

A petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *[.] If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.[1]

{¶9}   The trial transcript for Mr. Franks' direct appeal was filed with this Court on February 17, 1998. Mr. Franks' second delayed petition is years beyond the window provided by former R.C. 2953.21(A)(2).

{¶10}  A trial court does not have authority to entertain an untimely petition for post-conviction relief unless the petitioner establishes both of the following subsections:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a)-(b); *State v. Sprenz*, 9th Dist. Summit No. 22433, 2005-Ohio-1491, ¶ 8. While R.C. 2953.23(A)(1)(a) allows for a petitioner to assert that he was *either* unavoidably prevented from discovery of the facts upon which he relies *or* that the United States Supreme Court recognized a new federal or state right that applies retroactively, those assertions must be made *in addition to* the clear and convincing evidence requirement of subsection (b).

---

[1] The current version of R.C. 2953.21(A)(2) allows 365 days.

**{¶11}** To circumvent the statutory window during which he could have timely filed his petition, Mr. Franks sets forth arguments addressing both prongs under section R.C. 2953.23(A)(1)(a).

**{¶12}** Initially, this Court notes that Mr. Franks raises an ineffective assistance of counsel argument within the body of his brief. "This Court will not address underdeveloped arguments that an appellant fails to separately assign as error." *See State v. Miller*, 9th Dist. Summit No. 25200, 2010-Ohio-3580, ¶ 7, citing *Ulrich v. Mercedes–Benz USA, L.L.C.,* 9th Dist. Summit No. 24740, 2010-Ohio-348, ¶ 24.

**{¶13}** Regarding his first assignment of error, it has already been recognized that "'the Supreme Court has not determined that *Martinez* announced a new rule that should be retroactively available to cases on collateral review.'" *State v. Russell*, 10th Dist. Franklin No. 16AP-542, 2017-Ohio-2871, ¶ 21, quoting *In re Hartman,* 6th Cir. No. 12-4255 (Nov. 8, 2012); *see also State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 10. "In *Martinez*, the United States Supreme Court recognized a 'narrow exception' to the rule established in *Coleman v. Thompson,* that defendants possess no federal constitutional right to the effective assistance of counsel in post[-]conviction proceedings." (Internal citations omitted.) *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 103. "*Martinez* is directed toward federal habeas proceedings and is intended to address issues that arise in that context." *Id.* at ¶ 104, citing *Howell v. State,* 109 So.3d 763, 774 (Fla.2013). Thus, "*Martinez* does not provide a free-standing constitutional right * * * in post[-]conviction proceedings. Rather, it established an equitable doctrine for overcoming procedural default in certain limited circumstances." *State v. Glover*, 8th Dist. Cuyahoga Nos. 100330, 100331, 2014-Ohio-3228, ¶ 28. *See also State v. Waddy*, 10th Dist. Franklin No. 15AP-397, 2016-Ohio-4911, ¶ 61; *Russell* at ¶ 22.

{¶14} *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013), clarified and extended the rationale of *Martinez*. *Id.* at syllabus. "*Trevino*, however, 'does not recognize a constitutional right to counsel or effective assistance of counsel in post[-]conviction proceedings, nor does it find any state laws unconstitutional.'" *Russell* at ¶ 23, quoting *State v. Boles*, 12th Dist. Brown No. CA2016-07-014, 2017-Ohio-786, ¶ 30. Thus, what has come to be known as the *Martinez/Trevino* rule is just that—a rule. Neither case established a new constitutional right.

{¶15} As to his fourth assignment of error, this Court need not address whether "*Crawford v. Washington* was made retroactive [] through *Danforth v. Minnesota*" or whether either case created a constitutional right because Mr. Franks fails to address the requirements of R.C. 2953.23(A)(1)(b). (Emphasis deleted.) Mr. Franks fails to direct this Court to any statements in the trial transcript, as required by App.R. 16(A)(7), and fails to argue that any of the statements about which he is complaining are hearsay, let alone the types of testimonial hearsay excluded by *Crawford*. Nor does Mr. Franks develop an argument explaining how any alleged *Crawford* violations rise to the level of constitutional error. And again, Mr. Franks fails to make any argument, much less one by clear and convincing evidence, that but for the alleged non-excluded statements, a reasonable factfinder would not have found him guilty. *See* R.C. 2953.23(A)(1)(b).

{¶16} Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him. *See State v. Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing App.R. 16(A)(7) and *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

{¶17} When a party fails to satisfy the requirements for filing an untimely petition, the trial court does not err by failing to hold an evidentiary hearing before dismissing the petition. *See State v. Luther*, 9th Dist. Lorain No. 05CA008770, 2006-Ohio-2280, ¶ 14, citing *State v. Sprenz*, 2005-Ohio-1491, at ¶ 15.

{¶18} Mr. Franks' first and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION VIOLATING THE SUPREMACY, DUE PROCESS AND EQUAL PROTECTION CLAUSES, U.S. CONSTITUTION, DENYING THE DELAYED PETITION FOR POST-CONVICTION RELIEF ([]R[.]C[.][]2953.23(A)(1)(a)&(b)) WITHOUT A HEARING ON JURISDICTIONAL GROUNDS BY REFUSING TO FIND THE DENIAL OF POST-CONVICTION DISCOVERY PROCEDURES ARE UNCONSTITUTIONAL IN THE WAKE OF THE TR[E]VINO AND MONTGOMERY DECISIONS, AS SUCH PRECLUDES INDIGENT UNREPRESENTED PETITIONERS FROM MEANINGFULLY PURSUING AND PRESENTING BRADY V. MARYLAND AND STRICKLAND V. WASHINGTON CLAIMS THAT ARE BASED UPON WITHHELD EXCULPATORY EVIDENCE OUTSIDE THE RECORD THAT IS NEEDED TO BE OBTAINED IN ORDER TO MEANINGFULLY PRESENT AND SUPPORT THE PETITION IN ACCORDANCE WITH LAW. (Emphasis deleted.)

{¶19} In his second assignment of error, Mr. Franks argues that the trial court erred in refusing to find that the denial of discovery in post-conviction proceedings is unconstitutional because it violates the due process and equal protection clauses of the United States Constitution in that it discriminates against the indigent. This Court disagrees.

{¶20} This Court has long held that there is no right to discovery in a post-conviction proceeding. *State v. Smith*, 9th Dist. Summit No. 24382, 2009-Ohio-1497, ¶ 18. An action for post-conviction relief is a civil action. *State v. Milanovich*, 42 Ohio St.2d 46, 49 (1975). R.C. 2953.21 sets forth the procedures applicable to post-conviction relief actions. *State v. Hiltbrand*, 9th Dist. Summit No. 11550, 1984 WL 6171, *1 (May 16, 1984). That section does not provide

for discovery. *See, e.g., State v. Craig*, 9th Dist. Summit No. 24580, 2010-Ohio-1169, ¶ 6 (collecting cases).

{¶21} An appellate court reviews a constitutional challenge de novo. *State v. Honey*, 9th Dist. Medina No. 08CA0018-M, 2008-Ohio-4943, ¶ 4. The relevant portion of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

{¶22} While identifying who he alleges to be in the suspect class, the indigent, Mr. Franks fails to develop an argument as to which level of scrutiny should be applied to the constitutionality analysis and fails to explain how this state's post-conviction statutes provide disparate treatment between the indigent and the non-indigent. As previously stated, where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him. *Harmon*, 2013-Ohio-2319, at ¶ 6, citing App.R. 16(A)(7) and *Cardone*, 1998 WL 224934, at *8. "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

{¶23} Mr. Frank's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION VIOLATING THE SUPREMACY, DUE PROCESS AND EQUAL PROTECTION CLAUSES, U.S. CONSTITUTION, DENYING THE DELAYED PETITION FOR POST-CONVICTION RELIEF ([]R[.]C[.][]2953.23(A)(1)(a)&(b)) WITHOUT A HEARING ON JURISDICTIONAL GROUNDS WHEN PETITIONER PROVED HE WAS MORE THAN "UNAVOIDABLY PREVENTED FROM DISCOVERY OF THE FACTS UPON WHICH THE PETITIONER MUST RELY TO PRESENT THE CLAIM FOR RELIEF" IN EXCLUSION OF REASONABLE DILIGENCE BECAUSE THE EXCULPATORY EVIDENCE IN SUBJECT IS STILL BEING WITHHELD TO THIS DATE WITHOUT [THE] MEANS OF ACCESSING AND OBTAINING IT, THEREBY PREVENTING ANY ABILITY AT EXERCISING REASONABLE DILIGENCE AND MEANINGFUL PRESENTATION THROUGH SUCH AN IMPEDIMENT. (Emphasis deleted.)

**{¶24}** In his third assignment of error, Mr. Franks argues that the trial Court erred in denying a hearing on his petition for post-conviction relief because he was "more than" unavoidably prevented from discovery of certain exculpatory evidence. This Court disagrees.

**{¶25}** Mr. Franks claims that he "recently noticed through a review of his co-defendant's appellate case [] that 'two of the bullets recovered from the Garfield Street residence were fired from [his co-defendant's] gun' [] were never turned over to his attorneys in discovery and are still withheld to this date." According to the affidavit filed by Mr. Franks in the trial court, his co-defendant's appeal was decided by this Court on October 10, 1998.[2] Mr. Franks does not explain how he was unavoidably prevented from obtaining the information he now claims is exculpable for more than eighteen years.

**{¶26}** Because Mr. Franks did not meet the requirements for filing an untimely petition under R.C. 2953.23(A)(1), the trial court lacked authority to consider the merits of his petition and did not err by not holding a hearing. When a party fails to satisfy the requirements for filing an untimely petition under R.C. 2953.23(A)(1), the trial court does not err by failing to hold an evidentiary hearing before dismissing the petition. *See Luther*, 2006-Ohio-2280, at ¶ 14, citing *Sprenz,* 2005-Ohio-1491, at ¶ 15.

**{¶27}** Mr. Franks' third assignment of error is overruled.

### III.

**{¶28}** Mr. Franks' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[2] This Court's decision in Mr. Franks' direct appeal was released the same day, October 7, 1998, as the decision in his co-defendant's direct appeal. *See Franks*, 1998 WL 696777; *State v. Brown*, 9th Dist. Summit No. 18766, 1998 WL 696770 (Oct. 7, 1998).

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, P.
CONCURRING IN JUDGMENT ONLY.

Franks was convicted nineteen years ago. I concur in judgment on the basis that his petition is untimely. The United States Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Crawford v. Washington*, 541 U.S. 36 (2004) have not been applied retroactively to offenders in Franks' situation. As such, Franks has not demonstrated that the United States

Supreme Court has recognized a new federal or state right that applies retroactively to post conviction proceedings. I would affirm solely on the basis that the trial court lacked authority to entertain Franks' petition as it was untimely.

APPEARANCES:

JERRY FRANKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.