[Cite as *State v. Blue*, 2024-Ohio-5900.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30898 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER BLUE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 21 11 4127(A) |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2024

SUTTON, Presiding Judge.

{¶1}    Defendant-Appellant Christopher Blue appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    This appeal arises from the shooting death of O.B.  Two bullets entered the right side of O.B.'s back and travelled through his chest cavity, striking his right lung, heart, and liver.  One bullet entered O.B.'s upper left leg, and another bullet entered O.B.'s left shin.  O.B. called 911 and attempted to drive away from the scene of the shooting.  The police found O.B. unconscious and unresponsive in his vehicle.  O.B. ultimately succumbed to his injuries.

{¶3}    After an investigation, Mr. Blue was charged with aggravated murder in violation of R.C. 2903.01(B), an unclassified felony, with a firearm specification; murder in violation of R.C. 2903.02(A)/(D), an unclassified felony, with a firearm specification; murder in violation of

R.C. 2903.02(B)/(D), an unclassified felony, with a firearm specification; aggravated robbery in violation of R.C. 2911.01(A)/(C), a felony of the first degree, with a firearm specification; felonious assault in violation of R.C. 2903.11(A)/(D)(1)(a), a felony of the second degree, with a firearm specification; and tampering with evidence in violation of R.C. 2921.12(A)/(B), a felony of the third degree. Mr. Blue pleaded not guilty and a jury trial followed. The jury found Mr. Blue guilty of murder, in violation of R.C. 2903.02(B)/(D), with a firearm specification, felonious assault, with a firearm specification, and tampering with evidence. The State dismissed the remaining charges. Mr. Blue was sentenced to an aggregate term of imprisonment of 24-years to life.

{¶4} Mr. Blue now appeals raising five assignments of error for our review. We group certain assignments of error to aid our analysis.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN FAILING TO GRANT MR. BLUE'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AS THE EVIDENCE PRESENTED WAS NOT LEGALLY SUFFICIENT TO SUPPORT A CONVICTION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES [CONSTITUTION] AND ARTICLE ONE, SECTIONS 1, 10, AND 16 OF THE OHIO CONSTITUTION.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. BLUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶5} In his first and second assignments of error, Mr. Blue argues his convictions for murder, felonious assault, and tampering with evidence are not supported by sufficient evidence. Specifically, Mr. Blue argues the State failed to prove Mr. Blue's identity as the person who committed these crimes.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *See State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶7} R.C. 2903.02 states, in relevant part:

(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.
. . .
(D) Whoever violates this section is guilty of murder[.]

Additionally, R.C. 2903.11, states, in relevant part:

(A) No person shall knowingly do either of the following:
. . .
(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
. . .
(D)(1)(a) Whoever violates this section is guilty of felonious assault.

Lastly, R.C. 2921.12, states, in relevant part:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
>
> . . .
>
> (B) Whoever violates this section is guilty of tampering with evidence[.]

{¶8} Here, the evidence presented at trial showed: (1) Mr. Blue's iPhone was found on the back seat of O.B.'s Jeep; (2) video surveillance footage, from a neighbor's security system taken 45-minutes prior to the shooting, showed Mr. Blue and S.B. walking through the neighbor's yard; (3) Mr. Blue was carrying a handgun with an extended magazine in his left front jeans pocket; (4) S.B., who is not a suspect in the shooting, was wearing GPS monitoring at the time of the shooting which placed him at the scene; (5) Mr. Blue's mother identified him on the neighbor's surveillance video; (6) Mr. Blue's back yard, located at 750 Russell Avenue, abuts the neighbor's driveway; (7) Mr. Blue's mother told police that he was inside their 750 Russell Avenue residence and police put a perimeter around the residence; (8) Mr. Blue refused to exit the residence for several hours and police deployed chemical munitions into the home; (9) a disassembled Glock 19, a loaded extended magazine wrapped in sweat pants inside a crawl space in the basement, and the spring assembly to the firearm were found in Mr. Blue's residence; (10) a mixture of DNA, with Mr. Blue as the major contributor, was found on the trigger and trigger guard of the Glock 19 used in the shooting; (11) BCI testing of the Glock 19 proved it was operable and the casings found in O.B.'s Jeep were fired from that same Glock 19; (12) extractions from O.B.'s and Mr. Blue's cell phone data showed a conversation about a marijuana deal near 1417 Bernice Street, the residence directly behind Mr. Blue's 750 Russel Avenue residence; (13) the last message in the

conversation came through at 4:29 p.m. on Mr. Blue's phone stating, "j got here[;]" (14) at 4:29 p.m. a response came from Mr. Blue's phone stating, "okay[;]" (15) at 4:33 p.m. O.B. called 911; and (16) Mr. Blue's iPhone is linked to two Apple ID accounts, YVBChris4K@iCloud.com and YVBChris18@iCloud.com, and Mr. Blue is a member of the Young Valley Boys gang.

{¶9} In viewing this evidence in a light most favorable to the State, the trier of fact could reasonably conclude that the essential elements of murder, felonious assault, and tampering with evidence were proven beyond a reasonable doubt.

### ASSIGNMENT OF ERROR III

**MR. BLUE'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶10} In his third assignment of error, Mr. Blue contends his convictions are against the manifest weight of the evidence. Mr. Blue's argument, however, is the same as his sufficiency argument.

{¶11} This Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**{¶12}** An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id.*

**{¶13}** Here, although Mr. Blue classified this as a manifest weight argument, Mr. Blue has not developed a manifest weight argument and this Court will not develop one on his behalf. *See State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.) ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."). *See also* App.R. 16(A)(7). Notwithstanding Mr. Blue's lack of argument, this Court has reviewed the entire record. In so doing, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that Mr. Blue's convictions must be reversed and a new trial ordered.

**{¶14}** Accordingly, Mr. Blue's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

**MR. BLUE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE ONE, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION[.]**

**{¶15}** In his fourth assignment of error, Mr. Blue argues his trial counsel was ineffective for (1) failing to timely file a written notice of alibi; (2) failing to timely object to the trial court's complicity instruction; (3) failing to object to the State's motion in limine regarding Mr. Blue's alleged alibi; (4) failing to renew Mr. Blue's Crim.R. 29 motion; and (5) making an oral motion for judgment notwithstanding the verdict prior to sentencing.

**{¶16}** To succeed on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficiency exists only if counsel's performance fell below an objective standard of reasonable representation. *See State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. The defendant bears the burden to overcome the strong presumption that counsel's performance was adequate or that counsel's actions were sound trial strategy. *State v. Edwards*, 2009-Ohio-3558, ¶ 6 (9th Dist.). To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of syllabus.

**{¶17}** Here, although Mr. Blue takes issue with certain decisions his counsel made throughout the trial, he has not met his burden to overcome the strong presumption that his counsel's performance was adequate or that his counsel's decisions regarding the alibi defense and jury instructions were sound trial strategy. *See State v. Smith*, 17 Ohio St.3d 98, 101 (1985). ("Counsel presented cogent arguments to the court and jury, he challenged the testimony of state witnesses by vigorous cross-examination, and he made numerous objections when appropriate. This illustrates counsel's thorough understanding of trial tactics. The record further reveals counsel's knowledge of both the facts of this case and the applicable law."). *See also State v. Maldonado*, 2002-Ohio-2205, ¶ 7 (9th Dist.) ("[D]ebatable trial strategies do not constitute ineffective assistance of counsel."). Further, as to the non-renewal of his Crim.R. 29 motion, Mr. Blue has shown no prejudice because this Court has determined Mr. Blue's convictions were supported by sufficient evidence.

**{¶18}** Accordingly, Mr. Blue's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR V**

**THE [CUMULATIVE] EFFECT OF ERRORS DEPRIVED MR. BLUE OF A FAIR TRIAL IN [VIOLATION] OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS 1, 10, &16 OF THE OHIO CONSTITUTION.**

{¶19} In his fifth assignment of error, Mr. Blue argues the cumulative effect of his assigned errors, plus additional alleged evidentiary errors not assigned as separate error on appeal, deprived him of a fair trial. We disagree.

{¶20} "Under the doctrine of cumulative error, 'a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal.'" *State v. Froman*, 2020-Ohio-4523, ¶ 156, quoting *State v. Powell*, 2012-Ohio-2577, ¶ 223. Because Mr. Blue has not demonstrated the presence of multiple errors, however, the cumulative error doctrine does not apply in this case. *See State v. Hunter*, 2011-Ohio-6524, ¶ 132. Further, Mr. Blue mentioned three additional evidentiary "errors" which are not assigned as error above. In so doing, Mr. Blue makes cursory arguments that certain evidence should have been excluded at trial but does not demonstrate the cumulative effect of these alleged errors or how they deprived him of a fair trial.

{¶21} Accordingly, Mr. Blue's fifth assignment of error is overruled.

III.

{¶22} For the foregoing reasons, Mr. Blue's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETTY SUTTON
FOR THE COURT


FLAGG LANZINGER, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY


APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.